UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| STEPHEN C. MOLERO, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-6300 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | * | SECTION "L" (1) |


## ORDER & REASONS

Before the Court is the Defendants' Motion for Summary Judgment (Rec. Doc. 18). For the following reasons, the Defendants' motion is now GRANTED and the Plaintiffs' claims are hereby DISMISSED WITH PREJUDICE.

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' property located at 2000 Lena Drive in Chalmette, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"), which issued a Standard Flood Insurance Policy ("SFIP") to the Plaintiffs pursuant to the National Flood Insurance Program ("NFIP"),[1] and Edward Schaumburg, a State Farm insurance agent that assisted the Plaintiffs in procuring the policy.

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

1

On January 3, 2003, the Plaintiffs submitted a flood insurance application through their agent requesting $150,000 of building coverage for the property on Lena Drive. Schaumburg allegedly advised that this amount of coverage was available for an annual premium of $466. On January 9, 2003, State Farm received the Plaintiffs' application and $466 premium payment. Following Hurricane Katrina, the Plaintiffs made a claim under their SFIP, but were apparently surprised to learn that they only had $92,300 of coverage.[2]

State Farm contends that shortly after receiving the Plaintiffs' initial application in 2003, it notified them in writing, pursuant to the SFIP, that the correct premium for $150,000 of coverage should have been $776, and that if the Plaintiffs paid the difference within thirty-five days, the original amount of insurance requested would be reinstated.[3] Receiving no additional payments from the Plaintiffs, however, State Farm reduced the coverage to the limit that the premium received would purchase, as required by the NFIP, and issued an SFIP with a policy limit of $82,700 to the Plaintiffs. Prior to Hurricane Katrina, in November 2003 and November 2004, two renewal certificates were mailed to the Plaintiffs, reflecting the lower policy limit.[4] The policy limit was automatically increased from $82,700 to $92,300 in 2004 to compensate for inflation.

---

[2] The Plaintiffs have received a check $92,3000. (Ex. K to Defs.' Mot.)

[3] State Farm submits the affidavit of Theron H. Bryan, Jr., an Underwriting Section Manager at State Farm, who states that the appropriate notice was prepared and mailed to the Plaintiffs in January of 2003. (Ex. B to Defs.' Mot.) A copy of the letter is also in the record. (Ex. C to Defs.' Mot.)

[4] The Plaintiffs do not dispute that they received the renewal certificates. (Lisa Molero Dep. 11:17-13:11, Apr. 24, 2007; Stephen Molero Dep. 25:13-27:17, Apr. 24, 2007.) The Plaintiffs' depositions are attached as Exhibits L and M to the Defendants' Motion for Summary Judgment, and the renewal certificates are attached as Exhibits G and J.

On August 8, 2006, the Plaintiffs filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, and it was subsequently removed to this Court by the Defendants. The Plaintiffs contend that they received no notices from State Farm about insufficient premiums, in violation of the terms of the SFIP. The Plaintiffs seek to recover damages for their uninsured losses and fees from both State Farm, for breach of contract, and Schaumburg, for failing to procure the requested coverage.

## II.     PRESENT MOTION

The Defendants have filed a motion for summary judgment, seeking dismissal of the Plaintiffs' claims. First, the Defendants argue that the Plaintiffs are charged with knowledge of the terms of their SFIP and have a duty to familiarize themselves with the rules of the NFIP program. Moreover, the Defendants contend that numerous communications were sent to the Plaintiffs reflecting the policy limits of their SFIP. Thus, the Defendants argue that the Plaintiffs' breach of contact claims against State Farm must be dismissed. Second, the Defendants argue that the Plaintiffs' claims against Schaumburg are perempted as a matter of law under Louisiana Revised Statute 9:5606, and must also be dismissed.

## III.    LAW & ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). If the party moving for summary judgment

demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

### A.      Plaintiffs' Claims Against State Farm

The SFIP, codified in the *Code of Federal Regulations*, provides as follows: "If we [State Farm] discover before you [Plaintiffs] have a flood loss that your premium payment was not enough to buy the requested amount of coverage, we will send you and any mortgagee or trustee known to us a bill for the required additional premium for the current policy term." 44 C.F.R. Pt. 61, App. A(1), Art. VII(G). The Plaintiffs contend that State Farm breached this provision of the insurance contract by failing to provide such notice in January 2003. State Farm argues that notice was provided pursuant to the contract, but that the Plaintiffs never paid an additional premium. Although the parties dispute whether notice of the deficient premium was provided pursuant to Article VII(G) of the SFIP, this factual dispute is immaterial and does not preclude summary judgment in this case.

Relying upon *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380 (1947) and *Heckler v. Community Health Services. of Crawford County, Inc.*, 467 U.S. 51 (1984), State Farm argues that the Plaintiffs are responsible for knowing the terms and conditions of their flood policy, including the policy's limits. Indeed, the Plaintiffs are charged with constructive knowledge of the provisions of their policy and of the NFIP program "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence." *Merrill*, 332 U.S. at 385.

To the extent that the Plaintiffs continued to rely on Schaumburg's 2003 advice that a

$466 premium would purchase $150,000 in flood insurance coverage *after* they received the declarations page of their SFIP, and *after* they received renewal certificates on two occasions, all of which reflected the lower policy limits, such reliance was unreasonable as a matter of law. *See Larmann v. State Farm Ins. Co.*, No. 03-2993, 2005 WL 357191, at *4 (E.D. La. Feb. 11, 2005) ("[T]he insured has an additional outlet to which to turn to obtain information about the terms of the policy," namely the SFIP itself and federal statutes and regulations) (quoting *Richmond Printing L.L.C. v. Director FEMA*, 72 Fed. App'x 92 (5th Cir. 2003)); *see also Cousins v. Allstate Ins. Co.*, No. 06-481, 2007 WL 496621 (E.D. La. Feb. 9, 2007).  Perhaps the Plaintiffs' argument would be persuasive if Hurricane Katrina had struck before the first renewal, or arguably even before the second renewal, but the Court is not persuaded in this case, particularly when the declaration page and the renewals are one-page documents that clearly disclose the policy limit.  Accordingly, the Plaintiffs are now deemed to have constructive knowledge of their policy limit; thus, their "breach of contract" claim arising from State Farm's alleged failure to notify them of this fact in 2003 must fail.

      **B.**    **Plaintiffs' Claims Against Schaumburg**

The Defendants argue that the Plaintiffs' claims against Schaumburg are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes peremptive periods for actions against insurance agents.  Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed.  Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed.

The Plaintiffs argue that the peremptive periods did not begin to run until August 29,

2005, when Hurricane Katrina damaged their home. On the other hand, the Defendants argue that the one-year peremptive period has already run because the Plaintiffs were on notice of Schaumburg's alleged acts or omissions either (a) in January of 2003 when they received the Declarations page and various communications from State Farm, or (b) at the latest, in November 2003 and 2004 when they received the renewal certificates. Moreover, the Defendants argue that the three-year peremptive period has also run because Schaumburg's alleged negligence occurred in January of 2003, more than three years before the Plaintiffs filed suit on August 8, 2006. The Defendants note that the Plaintiffs testified during their depositions that they have not spoken with Schaumburg since January 3, 2003. (Lisa Molero Dep. 9:7-10, Apr. 24, 2007; Stephen Molero Dep. 29:24-30:2, Apr. 24, 2007.)

The Court finds that, in light of the Plaintiffs' deposition testimony, the three-year peremptive period expired in January of 2006, prior to the initiation of this litigation. *See Goslee v. Allstate Ins. Co.*, 2007 WL 1200054 (E.D. La. Apr. 20, 2007); *see also Biggers v. Allstate Ins. Co.*, 04-282 (La. App. 5 Cir. 10/26/04), 886 So. 2d 1179. As in *Goslee*, "there are no allegations in the original petition of any subsequent misrepresentations in connection with renewals," *Goslee*, 2007 WL 1200054, at 2, and because the Plaintiffs have not spoken with Schaumburg since 2003, there was no occasion for additional allegedly negligent acts or omissions on his part. Accordingly, the Plaintiffs' claims against Schaumburg are time-barred and, thus, fail as a matter of law.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendants' Motion for Summary Judgment (Rec. Doc. 18) is GRANTED and that the Plaintiffs' claims are hereby DISMISSED

WITH PREJUDICE.  An appropriate judgment will follow.

New Orleans, Louisiana, this   8th   day of   June  , 2007.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE